## N. S. SACHS DRY GOODS CO., LTD., *v.* ANNIE K. HART, ALIAS MRS. EDMUND H. HART.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 30, 1909.                    DECIDED JULY 7, 1909.

HARTWELL, C. J., WILDER AND PERRY, JJ.

PROCESS—*return of service.*

  A return of service is not invalidated by failure to show that it was made as required by statute by delivery of a certified copy of summons and petition.

HUSBAND AND WIFE—*contract for necessaries—scire facias.*

  A married woman may contract to pay for articles which are necessaries, and confess judgment in an action therefor. A defense available in the action cannot be made in scire facias proceedings for the first time if there was jurisdiction over the case.

OPINION OF THE COURT BY HARTWELL, C.J.

The defendant's exceptions are taken to rulings denying her motion to quash the return of a writ of scire facias on the ground that it failed to state the time when and the manner in which service was made, the return, signed by the officer, being: "Served the within petition and writ as follows: Upon Annie K. Hart, alias Mrs. Edmund H. Hart, at Wailuku,

County of Maui, Territory of Hawaii, this first day of May A. D. 1909," and deciding that execution issue on the judgment sought to be revived by scire facias notwithstanding the plaintiff's answer claiming that it was void because predicated upon a contract for necessaries for which not the defendant but her husband was liable. The action was for goods sold and delivered and upon an account stated. The defendant first filed a general denial which she withdrew, afterward filing a confession of judgment upon which a judgment was entered May 29, 1905, for the sum claimed. The petition for a writ of scire facias was filed April 29, 1909, the writ issuing the following day. After the denial of the motion to quash the return the defendant appeared generally and answered.

The statute, Sec. 1721 R. L., requires service by delivery to the defendant of a certified copy of the summons and of plaintiffs' petition, and it might be well that this be shown in the return although the statute does not require it, but the failure to do so does not invalidate the return. The presumption is, in the absence of a showing to the contrary, that the service was made in the manner required by statute. The statute which authorizes a married woman to make contracts and to sue and be sued is not confined to contracts for purchases which are not necessaries nor does it preclude her from contracting to pay for articles which the husband is bound to furnish. The right to make such contracts implies liability to be sued upon them and the right to confess judgment in the action. Moreover, a defense available in the action cannot be made for the first time in a proceeding to revive the judgment by scire facias if there was jurisdiction over the case. Van Fleet, Collateral Attack, Sec. 580, and cases there cited.

Exceptions overruled.

*W. W. Thayer* for plaintiff.

*C. A. Long* for defendant.