# VON HAMM-YOUNG CO., LTD., A CORPORATION, *v.* MRS. W. WELSH.

## APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED SEPTEMBER 18, 1911.        DECIDED SEPTEMBER 23, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

PLEADING—*amendment.*

Plaintiff having mistaken the name of the defendant should have been allowed to amend by substituting the true name.

HUSBAND AND WIFE—*contract for necessaries.*

A married woman may contract to pay for articles which are necessary.

### OPINION OF THE COURT BY DE BOLT, J.

This is an appeal by the plaintiff on points of law from a judgment of the district magistrate of Honolulu in an action

of assumpsit brought by the plaintiff to recover the sum of $44.84 for goods, wares and merchandise alleged to have been "sold and delivered to defendant at defendant's special instance and request."

The defendant pleaded in abatement of the action that summons was served on her as "Mrs. W. Welsh;" "that her true name is Katherine Keffer Welsh and she is the lawfully wedded wife of William Lawrence Welsh; that the account sued on in this proceeding is for necessaries for herself and family and a debt of her husband."

The plaintiff moved to amend the summons and complaint by substituting the name of Katherine Keffer Welsh in place of "Mrs. W. Welsh."

The magistrate denied the motion to amend and sustained the plea in abatement, giving judgment for the defendant. These rulings constitute the points of law upon which the appeal comes to this court.

The motion to amend should have been granted. The proposed amendment was proper. Sec. 1738, R. L.; *Lum Sung v. Luning,* 13 Haw. 665.

The plea in abatement should not have been sustained. "The statute which authorizes a married woman to make contracts and to sue and be sued is not confined to contracts for purchases which are not necessaries nor does it preclude her from contracting to pay for articles which the husband is bound to furnish. The right to make such contracts implies liability to be sued upon them." *Sachs Company v. Hart,* 19 Haw. 494, 495. The wife was capable of entering into the contract sued upon; whether she did or not was an issue of fact to be determined upon a hearing. But whether the issue should be raised by plea or answer we need not say at this time.

The judgment of the district magistrate is reversed and the case remanded.

*E. C. Peters* and *F. Schnack* for plaintiff.