J. S. MARTIN *vs.* L. B. KERR.  (Assumpsit.)

APPEAL FROM DECISION OF DOLE, J., OVERRULING DEFENDANT'S
DEMURRER.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Where a plaintiff amends his declaration, it is improper to file a so-
called amendment, stating that the plaintiff amends his declara-
tion by inserting the words "in writing" after the word "pro-
mises," etc.   The proper course is to file an amended declaration,
or when the amendment is only in a few words, by amending the
original declaration and getting the Clerk to note the amendment
in the margin.

Where a cause of action can be gathered from the declaration, not-
withstanding its verbosity and its containing unnecessary allega-
tions, the declaration will be sustained on demurrer.

Appeal dismissed.

OPINION OF THE COURT, BY PRESTON, J.

This is an action of assumpsit to recover damages for the
alleged wrongful dismissal of the plaintiff from the service of
the defendant, and for wages due at the time of such dismissal.

A demurrer was filed by the defendant, which was sustained,
and the plaintiff had leave to amend his declaration, and he
accordingly filed certain amendments.

We will, at the outset, take the opportunity of saying that we
think it is improper for parties to file so-called amendments to a
declaration, merely stating that the plaintiff amends his declara-
tion by inserting the words "in writing" after the word "pro-
mises," and so on, as was done in this case.   It compels the Court
to read through a long pleading, and to refer to the amend-
ments, which is very embarrassing.   Where, as in this case,
there are several amendments, the proper course is to file an
amended declaration.

When, as sometimes is the case, the amendment is only in a word or two, the amendment may be made on the original declaration, and noted by the Clerk in the margin as allowed by the Court.

The defendant demurred to the declaration as amended.

The demurrer was argued at the last April Term before Mr. Justice Dole, and was overruled.

The defendant appealed.

We have been at considerable trouble in endeavoring to arrive at the true meaning of the declaration, which seems to be framed in total violation of all rules of pleading, overloaded with irrelevant allegations, verbose, and calculated to embarrass the fair trial of the cause.

We have, after considerable doubt, arrived at the conclusion that a cause of action can be gathered from the allegations in the special count, *i.e.*, an oral contract made on the third of April, 1887, for service for one year, at a salary of two hundred dollars a month, and a wrongful dismissal at the end of nine months.

This might have been stated in a few lines.

If we are correct as to the meaning of the plaintiff's claim, and we can uphold the declaration upon no other view, all questions as to the alleged inducements contained in the defendant's letter, the plaintiff's traveling expenses and other claims made, cannot be gone into at the trial, and he will only be allowed to recover such damages as would necessarily flow from the alleged wrongful dismissal.

We see nothing, except unnecessary averments, objectionable in the second and third counts; under which counts the plaintiff can recover whatever wages might have been owing to him on the thirty-first December, the date of the alleged wrongful dismissal.

The order overruling the demurrer is affirmed and the appeal dismissed, but as the Court has had considerable doubt upon the matter, there will be no attorney's fees allowed in the costs.

*Ashford & Ashford*, for plaintiff.

*A. S. Hartwell*, for defendant.