ELIZA MEEK, a Minor, by G. S. HOUGHTAILING, her Guardian, *vs.* ASWAN, Doing Business as HOP SANG WAI CO.

EXCEPTIONS FROM McCULLY, J.

OCTOBER TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

An action to recover rent due for use of a Minor's land is properly brought in the name of the Minor by her Guardian.

An objection to the summons issued from the Police Court, made for the first time in the Appellate Court, should not, if sustained, be visited with a dismissal of the action, but an amendment should be allowed.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action of assumpsit for rent. The plaintiff recovered in the Police Court of Honolulu and defendant appealed to the Supreme Court. After a mixed jury had been empannelled and sworn and the plaintiff had opened the case, the defendant's counsel moved to dismiss on the ground that the

action was improperly brought in the name of the minor by her guardian, whereas the complaint should read G. S. Houghtailing, guardian of Eliza Meek.

The Court held that the complaint was defective in respect to the proper party plaintiff and therefore dismissed the case.

The correctness of this ruling is brought to this Court by defendant's bill of exceptions.

We think the Court below erred in holding that the complaint was improperly brought by Eliza Meek, a minor, by G. S. Houghtailing her guardian.

A minor cannot sue in his own name. "An infant, not having the power to appoint an attorney, must in all cases where he is plaintiff sue by guardian or *prochein amy.*" Bingham on Infancy, page 118.

In the Court of King's Bench the form is, J. S. per A. B. *guardianum suum ad hoc per curiam specialiter admissum queritur,* etc., J. S. by A. B. his guardian specially admitted by the Court complains, etc. *Id.,* p. 120.

When a probate guardian has been appointed for a minor, the guardian has by the statute all the powers which a next friend or guardian *ad litem* has in respect to a suit. *Fox vs. Minor,* 32 Cal., 112.

The statute is (Compiled Laws, p. 444). "The guardian * * * shall appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose, as guardian or next friend."

In the case at bar, a guardian for the minor had been appointed by the Probate Court. How, then, should the suit be brought? The purpose of it was to collect rent due for use of the minor's land. It was the suit of the minor, and not that of the guardian. But the minor cannot make a contract with an attorney to bring a suit, and cannot personally bring a suit; therefore, he must act through some one that is his guardian, if he have one, or by some one specially appointed by the Court. The suit is nevertheless that of the minor.

Analogous to this is a suit where the suitor is represented by an attorney in fact. The principal brings the action by the attorney in fact.

All the forms in the books on pleading correspond with this view. See Chitty's Practical Forms, Chap. 4. "Actions by and against infants." "If the infant be plaintiff the process will be in his name, and not in the name of the guardian or *prochein amy.*"

In *Judson vs. Blanchard*, 3 Conn., 580, the action describes the plaintiff as "A. B. a minor, under twenty-one years of age suing and prosecuting her complaint by C. D., her next friend."

We are aware that a different practice has in many instances been followed in this Court without objection, and suits have been instituted in the form of A. B., guardian of C. D. But the general rule is that the suit must be brought by the infant by his guardian or next friend.

The statute does not confer the right upon the guardian to sue in his own name, as the Statute of Bankruptcy does upon the assignee.

He is "to appear for and represent his 'ward' in all suits," etc.

The following authorities sustain our position. Schouler's Domestic Relations, p. 462.

"The guardian must sue in general in the name of his ward and not in his own name." *Hoar vs. Harris*, 11 Ill., 24.

The Court, per Caton, J., say: "The bill is filed by Harris as guardian, to compel the conveyance of a town lot to his ward. Authorities are hardly required to show that, by the well-established rules of chancery law, the bill should have been filed in the name of the ward, by his guardian or next friend. But it is argued that this rule has been changed by the statute, which reads: 'Guardians by virtue of their office as such, shall be allowed in all cases to prosecute and defend for their wards.' While this section may give the control of the proceeding to the guardian, it makes no change as to the parties to the suit. As formerly, the proceeding must still be conducted

in the name of the parties really interested, as much as if they were adults. Only by making them parties could they be bound by the adjudication."

In *Newton vs. Nutt*, 58 N. H., 601, the Court say : "The guardian's duties entitle him to the possession of the ward's property, but his possession is the possession of the ward in whom the legal title remains. The power of the guardian is a naked trust not coupled with an interest. When the right of action depends upon the possession merely and the possession of the property is actually with the guardian, the suit may be in the guardian's name. So too, if the action is on a contract to be performed with the guardian personally, or for the payment of money to him by name. But debts and demands generally, in which the ward has a direct beneficial interest, should be sued in the name of the ward by his guardian."

In *Hutchins vs. Dresser*, 26 Me., 76, the suit was for wages due the minor, brought by plaintiff, describing himself as guardian of the minor; the Court said : "The provision of the statute, Chapter CX., Section 21, that a guardian may 'demand, sue for and receive all debts due' to the ward, cannot be construed to authorize him to maintain a suit in his own name to recover them. That such was not the intention is apparent from the last clause of that section, which provides that he shall appear for and represent his ward in all legal suits and proceedings. In such cases he has no personal interest in the suit—is but a statute agent, which may be changed pending the suit without abating it."

In *Fox vs. Minor*, 32 Cal., 112, the plaintiff was Bernard S. Fox, guardian of the person and estate of Catherine Foley, a minor. The suit was to recover money due the ward by a former guardian.

In this case the Court, per Sawyer, J., say : "That though executors and administrators may sue in their official capacity, it is because they are strictly and technically representatives of the deceased, while guardians are not technically representatives

48

of anybody. They simply stand in the position of protectors. The guardian is the counsel assigned by operation of law to conduct the suit."

The Court held that the suit on the bond could only be maintained in the name of the infant, the real party in interest, and dismissed the action. Judge Sanderson dissented: He held with the Court that the action should have been brought in the name of the ward by her guardian, but that the omission of the name of the minor could be supplied by amendment and the suit not dismissed.

With these authorities construing guardian's statutes similar to our own, we are of opinion that the complaint in the Lower Court was correct.

We wish to say further, that the objection to the complaint, even if tenable, should not have been visited with a dismissal, but an amendment should have been allowed.

We held in *Robello vs. Wong Quing*, 5 Hawn., 98, that it is too late to dismiss a case on appeal for a defect in the summons, when no notice was taken of the defect in the Lower Court. It does not appear, however, that any amendment was asked for.

The exceptions are sustained and the case is reinstated for trial on appeal in the Supreme Court.

*A. Rosa,* for plaintiff.

*C. Creighton* and *S. K. Kane,* for defendant.