HENRY E. COOPER, Minister of Public Instruction, *v.* NAE-OLE HAO.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 21, 1899.          DECIDED AUGUST 3, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

The Department, not the Minister of Public Instruction, is the proper party plaintiff in an action of ejectment to recover school land.

OPINION OF THE COURT BY FREAR, J.

This is an action of ejectment in which the plaintiff Henry E. Cooper as Minister of Public Instruction seeks to recover from the defendant Mrs. Naeole Hao the possession of a tract of land containing 1.4 acres situated at Waipio, District of Ewa, Island of Oahu, being one of the parcels of land covered by Royal Patent (School Grant) 30 to the Board of Education.

At the close of the plaintiff's case defendant's counsel moved the court to direct a verdict for the defendant. This was done. The case comes here on exceptions to the granting of this motion, also to the verdict as contrary to the law and the evidence and to the overruling of a motion for a new trial. These various exceptions raise two questions, namely, as to the validity of the two grounds upon which the verdict was requested and directed.

The first ground was that the Minister of Public Instruction failed to prove title in himself, that is, that he was not the proper party plaintiff, it being contended and held that the title shown was in the Department of Public Instruction and not in the Minister of Public Instruction, if it was in either. The Royal Patent

in this case was issued under S. L. 1880, Ch. 35 (Comp. L. p. 652; Civ. L. Sec. 158) to the Board of Education which by the Act of January 10, 1865, Sec. 5 (Comp. L. p. 199) possessed the powers and privileges of a corporation. By S. L. 1896, Act 57, Sec. 27 (Civ. L. Sec. 120) all property theretofore belonging to the Board of Education was transferred to the Department of Public Instruction. It thus appears that the title to the land in question was in the Department and not in the Minister, if it was in either, and consequently the Department and not the Minister was the proper party plaintiff. The provisions of the statute (S. L. 1896, Act 57, Secs. 2, 7; Civ. L. Secs. 95, 100) which make the Minister the chief administrative officer of the Department and authorize him to sign drafts, commissions, deeds and other documents of the Department, do not authorize him to sue as plaintiff for land the title to which is in the Department. He may sign the complaint for the Department but the proper party complainant should be the Department itself.

Having decided that the motion to direct a verdict for the defendant was properly granted on the ground that the Minister had failed to show title in himself, it will be unnecessary to pass upon the other question raised, namely, as to whether title was shown in the Department, and we deem it best not to express an opinion upon this because it would not be binding upon the Department which is not a party hereto and because upon the trial of an action brought by the Department, in case such an action should be brought, the evidence might differ from that introduced in this case.

*Deputy Attorney-General E. P. Dole, A. L. C. Atkinson* and *H. P. Weber* for the plaintiff.

*Robertson & Wilder* for the defendant.