LUM SUNG, LO PAU and PONG CHONG, doing business as Yee Sing Tai Company *v.* MARION M. LUNING.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER.12, 1901. DECIDED NOVEMBER 23, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Where a declaration describes the plaintiffs as the "Yee Sing Tai Company," and the proofs show the name of the firm to be "Yee Sing Tai", it. is error for the trial court to disallow an amendment asked for so as to make the declaration conform to the proofs.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit wherein the plaintiffs claim of the defendant the sum of four hundred and seventy-five dollars, balance due under a certain contract in writing for the erection of a dwelling-house. In the declaration the plaintiffs are named as Lum Sung, Lo Pau and Pong Chong, doing business as "Yee Sing Tai Company." Attached to the declaration and referred to therein, is a copy of the contract and in such

copy the parties of the second part, builders, are described as "Yee Sing Tie." At the trial the plaintiffs offered in evidence the original contract, but, on objection by defendant's counsel, the court refused to admit the same on the ground that there was a variance between the allegation in the declaration and the proof as to the name of the partnership. The court also declined, on the ground of immateriality since the contract was not in evidence, to allow the following questions: "Will you please state whether Lum Sung, Lo Pau and Pong Chong are the parties in whose behalf this contract was signed under the name of Yee Sing Tai?" and, "You have brought suit here, Lum Sung, Lo Pau and Pong Chong have brought suit in this case under the name of Yee Sing Tai Company. Will you state whether or not Yee Sing Tai Company is the Yee Sing Tai named in that contract, and the name of which is signed in that contract?"

After the refusal to receive the contract in evidence, counsel for the plaintiff asked leave to amend the declaration by striking out the word "Company" so that the name of the plaintiff firm as therein stated would be, "Lum Sung, Lo Pau and Pong Chong, doing business as Yee Sing Tai." To this counsel for the defendant objected on the ground that the amendment would constitute a change in the parties to the action. The court disallowed the amendment on the ground thus stated in the objection. All of these rulings were duly excepted to and the case now comes to this court on these and other exceptions.

Whether or not there was a material variance between the declaration and the proofs in the name of the partnership, need not be decided. Assuming that there was such a variance, we are of the opinion that the court below erred in disallowing the amendment. The use of the word "Company" in the title of the partnership in the declaration was clearly a mistake, even though it was not so stated in argument by counsel for the plaintiff to the presiding judge. Section 1260 of the Civil Laws provides as follows: "Whenever a plaintiff in any action shall have mistaken the form of action suited to his claim, the

court, on motion, shall permit amendments to be made on such terms as it shall adjudge reasonable; and the court may, in furtherance of justice and on the like terms, allow any petition or other pleading to be amended in any matter of mere form, or by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect." This is one of the amendments which the trial court was by the statute specifically authorized to allow, to-wit, a correction in the name of a party. It was not a change or substitution of parties. The power being thus conferred, it is the duty of the court to exercise it in a proper case. *Wood v. City of Philadelphia,* 27 Pa. St., 502, 503. See, also, *Porter v. Hilderbrand,* 14 Pa. St., 129, 134, and *Fery v. Pfeiffer,* 18 Wis., 535, 541. It may be that the matter of the allowance of amendments is largely within the discretion of the trial court. Even under this rule, however, where there is an abuse of discretion, the appellate court may reverse. In this case, we think there was an abuse of discretion. The furtherance of justice required, beyond question, the allowance of the amendment; no possible prejudice could result therefrom to the defendant.

It is contended in this court that the amendment could not properly have been made by striking out the word "Company" from the declaration. That such an amendment may be thus made, see *Martin v. Kerr,* 7 Haw. 350. Moreover, this was not the objection urged in the court below to the allowance of the amendment. The only ground then stated was, as set forth above, that the amendment would constitute a change in the parties to the action. No objection was made as to the form of the amendment. Under these circumstances, we think that the objection as to form cannot now be urged in this court.

The error was material and prejudicial. The exception is sustained and a new trial ordered.

*J. A. Magoon* and *T. I. Dillon* for plaintiffs.

*F. W. Hankey* for defendant.