## KAU TING KEE *v.* YIM YOU.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 3, 1902.          DECIDED MARCH 19, 1902.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

While the statute permits amendments to pleadings in any matter of mere form or by adding or striking out the name of any party or by correcting a mistake in the name of a party, it is not error to refuse leave to amend a declaration by inserting the name of one or more persons in place of that of a sole party defendant, the effect of such amendment, if granted, being a change or substitution of parties defendant.

#### OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit instituted in the District Court of Koolaupoko, Oahu, for compensation for labor performed by the plaintiff for the defendant, at the latter's request, in 1900 and 1901. The defendant was named in the declaration as Yim

You.   Service of summons was made as shown by the return
endorsed thereon, on "Kealalaina and Ah Puck for Yim You."
Judgment having been rendered for the plaintiff, an appeal was
taken to the Circuit Court of the First Circuit, jury waived, the
notice of appeal being signed "Yim You by their attorneys, Ma-
goon, and Thompson." In the Circuit Court, Ah Puck, making
a special appearance for the purpose, moved that the action be
dismissed as to himself on the ground that no service had been
made either upon himself or upon the defendant. Counsel for
the plaintiff thereupon moved to be allowed to amend the declar-
·ation "by inserting the name of Ah Puck instead of Yim You."
The Court denied this motion giving as its reason for such denial
that the amendment if permitted would constitute a change of
parties defendant. Counsel for the plaintiff then asked for leave
to amend the declaration "so as to read Kealina and Ah Pak,
doing business under the firm name and style of Yim You."
This request, also, was refused and, counsel for plaintiff having
in the meantime stated in court that Yim You had been dead
sixteen years, the motion to dismiss was granted. The plaintiff's
exceptions now before this court are to the order of dismissal
and to the denial of the second motion for leave to amend.

Our statute is liberal with respect to amendments, permitting
such "in any matter of mere form, or by adding or striking out
the name of any party, or by correcting a mistake in the name of
the party." Where, however, by the proposed amendment a
substitution of one or more persons for the sole party defendant
is to be accomplished, it is at least not error for the trial court to
decline to permit such amendment. In the case at bar the second
proposed amendment is sought to be justified on the theory that
the "Yim You" named in the declaration as the defendant was
a partnership and that the omission of the names of the partners
was a mistake, in a matter of mere form, which can under the
statute be corrected. There is nothing in the record to bear out
this theory; on the contrary, such indications as are to be found
would seem to show that the Yim You against whom the action
was brought was an individual. In the declaration no reference

8-D

to or suggestion of a partnership appears. The order in the summons is to notify Yim You that upon default judgment will be rendered against *him*. The return is that service was made on the two persons there named, not as co-partners, but *for* Yim You, presumably on the supposition that they were his agents or representatives. Counsel for defendant, in attempted avoidance of the motion to dismiss, asked to be permitted to insert in the declaration the name of Ah Puck instead of that of Yim You and, when the court intimated that that could not be granted because it would be a change of parties, added that he believed the statute allowed a change of parties, thus disclosing his own understanding that it was an individual who was being sued. The plaintiff's own testimony in the District Court was that he "worked with *him*" (meaning the defendant) from December 8, 1900, to June 25, 1901, and not that he worked with *them* or with the *firm* or *partnership*.

No waiver of the defect by general appearance or otherwise, has been shown. Kealalaina has not appeared at all. Ah Puck in the Circuit Court appeared specially and in the District Court, as shown by the Magistrate's record, did not appear for himself or as a defendant but merely for Yim You. The form of the signature to the notice of appeal is not sufficient to show an appearance by the two persons served or either of them. Moreover, the judgment appealed from is described in the notice as having been rendered against *this defendant* and not against *these defendants*.

In our opinion, the rulings excepted to were, under the circumstances, not error. The exceptions are overruled.

*Russel & Watson* for plaintiff.

*J. A. Magoon* and *T. I. Dillon* for Ah Puck.