THE UNITED STATES OF AMERICA, for the use and benefit of LEWERS & COOKE, LIMITED, a Corporation, *vs.* BURRELL CONSTRUCTION COMPANY, a Corporation, and the AETNA INDEMNITY COMPANY, OF HARTFORD, CONNECTICUT, a Corporation.

February 4, 1910.

*Practice—Amendments to pleadings—Changes of parties—New cause of action:* An amendment to pleadings which changes a party to a suit involving a change of the cause of action, cannot be made.

*Same—Same—Changes of parties in actions of contract:* A change of parties in actions of contract necessarily changes the cause of action "unless the change be as to representative parties."

*Same—Same—Privity:* A change of parties is allowable where there is such a privity between the new and the old party, and their relation to the issue is such that no new cause of action is asserted.

*Same—Same—Statute of limitations:* Whether an amendment is allowable, which changes a party involving a change of the cause of action, where its denial would, through a statute of limitations, leave the moving party without a remedy, *quaere.*

*At Law*: Motion to amend complaint.

*Magoon & Weaver,* for the Motion.
*Thompson, Clemons & Wilder,* Contra.

DOLE, J. The intervention was by Robert Dalziel, Jr. The motion is that Robert Dalziel, Jr. Company, a corporation, be substituted in the place of Robert Dalziel, Jr., wherever the latter name appears in the complaint.

The general rule supported by the weight of authority is that "an amendment which changes a party to a suit cannot be made." *Little v. Water Co.,* 9 Nev. 317, 320; *Leaird v. Moore,* 27 Ala. 326; *Bassett v. Fish,* 75 N. Y. 303; *Milk Pan Co. v. Remington,* 89 N. Y. 22; *Emerson v. Wilson,* 11 Vt. 357; *Steiner Bros. v. Stewart,* 33 So. 343. The Hawaiian Supreme Court, in *Lum Sung v. Luning,* 13 Haw. 665, 667, allowed an amendment to make "a correction in the name of a party. It was not a change or substitution of parties." And in *Kau Ting Kee v. Yim You,* 14 Haw. 112, it refused to amend by substituting another party defendant. The reason of the rule is because the change of a party generally changes the cause of action. This is necessarily the case in actions of contract "unless the change be as to representative parties." *Andrews Stephen's Pleading,* 2nd ed., 533. This citation from Stephen introduces the subject of exceptions to the rule. The rule is variously modified by decisions which allow the change of a party to a suit where there is privity between the new and the old party; so that there may be a change of party involving a complete change of the name and yet there being a privity or relation between such new party and the old party involving the issue, the amendment is justified, there being no new cause of action.

In *Lake Erie v. Boswell,* 36 N. E. 1103, a declaration by the trustees of a town was allowed to be amended by substituting the name of the town itself,—another name representing the same interest and involving no change of parties in interest.

In *Abbott v. Jewett,* 25 Hun. 603, the plaintiff was allowed to amend the complaint by substituting the name of a new corporation which had succeeded to the old corporation, the defendant being the receiver of the old corporation and having been discharged from his receivership. The New York statute has a very helpful expression of the relation which carries the quality of responsibility which will make an amendment proper. These words are "devolution of liability," which explain themselves. In cases where the liability devolves on a new person, the New York statute allows amendment accordingly, and presents a logical rule for a substitution of defendants. The defense contends that the case of *Abbott v. Jewett* was reversed by the *Milk Pan Case,* supra, which I think is a mistake. The *Milk Pan Case* reverses the ruling in the same case in the lower court, which was reported in 25 *Hun.* 475, but in *Abbott v. Jewett* there was a devolution of liability, the cause of action remaining the same.

The distinction lies "between the cases where, by an amendment, a new cause of action is asserted, and those where the amendment rests upon the cause of action which is already the subject of the suit, and is designed to facilitate the prosecution of the suit to a determination of its merits." *Fidelity & Casualty Co. v. Freeman,* 109 Fed. Rep. 847, 854; *Burk v. Andis,* 98 Ind. 59; *Meyer v. State ex rel Day,* 25 N. E. (Ind.) 351; *Randolph v. Barrett,* 41 U. S. 138, 141. In the latter case the defendant being sued as administrator pleaded in abatement that he was executor. The motion to amend as executor was allowed because in either character he held the assets. When he filed his plea in abatement it became a part of the record and being accepted by the plaintiff as evidenced by his motion for amendment, furnished something on which to amend.

Thus the line of demarcation between a change of parties which is permsisible and one that is not, is made clear.

Two Hawaiian cases, i. e., *Garcia v. Mendonca,* 7 Haw. 194, and *Sherman v. Harrison,* Id. 663, include suggestions by the

court which may be regarded as *obiter dicta,* to the effect that where the refusal to amend by the substitution of new parties would, by the operation of the statute of limitations, bar the plaintiff from bringing a new action, the amendment ought to be allowed; and cite *Kirk v. Dolby,* 6 Mees & Wel. 635. In this case the amendment prayed for was to change the date of the writ to correspond with that of the praecipe, which was correct. It was argued for the amendment that under "the Uniformity of Process act, the judges determined not to allow any amendment except in cases where, if the amendment were not allowed, the Statute of Limitations would be a bar to any new process and so occasion a failure of justice." The court, referring to this point, came to the conclusion that "this exception may also be introduced that an amendment may be made by which a writ of summons is made to correspond with the praecipe"; which I understand to be a rule upon a different ground than the one pressed on the court by counsel. The point, however, made in that case and by the Hawaiian Supreme Court is a strong one, on the ground of preventing a failure of justice. But it is not clear to me that a denial of the motion before the court would have that effect. There is a statute of limitations which has already run in the case before the court, under which no new case of intervention can be brought; yet, if the plaintiff may, as agent or factor of the corporation, which is alleged to be the real party in interest, prosecute the case to judgment, as seems possible, there would be no failure of justice.

I will hear argument on this point before deciding the motion.