MARSTON CAMPBELL, SUPERINTENDENT OF PUBLIC WORKS OF THE TERRITORY OF HAWAII, *v.* JAMES STEINER, MRS. THERESA LOUISSON, THE FIRST NATIONAL BANK OF HAWAII, AN HAWAIIAN CORPORATION HAVING ITS PRINCIPAL OFFICE AT HONOLULU, TERRITORY OF HAWAII, ELIZABETH J. MONSARRAT, R. W. SHINGLE, SIMPSON DECKER, JESSE M. McCHESNEY, ED. TOWSE, AND CHARLES W. ZEIGLER, TRUSTEES OF MYSTIC LODGE NO. 2, KNIGHTS OF PYTHIAS OF HONOLULU, MYSTIC LODGE NO. 2, KNIGHTS OF PYTHIAS OF HONOLULU, LIBERT HUBERT J. L. BOEYNAEMS, BISHOP OF ZEUGMA, VICAR APOSTOLIC OF HAWAII, ST. LOUIS COLLEGE ALUMNI ASSOCIATION, AN HAWAIIAN CORPORATION HAVING ITS PRINCIPAL OFFICE AT HONOLULU, TERRITORY OF HAWAII, JAMES F. MORGAN, JOHN SULLIVAN, JOHN BUCKLEY, JOHN DOE, MARY DOE, AND RICHARD ROE, UNKNOWN OWNERS AND CLAIMANTS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JANUARY 18, 1911.      DECIDED JANUARY 28, 1911.

HARTWELL C.J., PERRY AND DE BOLT, JJ.

PARTIES—*amendment—substitution.*

> While the statute permits amendments to pleadings by adding or striking out the name of any party, it does not authorize the substitution of a new party for the sole party plaintiff.

Campbell v. Steiner, 20 Haw. 365.

OPINION OF THE COURT BY PERRY, J.

(Hartwell, C.J., dissenting.)

This is a petition for the condemnation of land claimed to be required for the extension of Bishop Street as a public highway in this city. Defendants Sullivan and Morgan demurred to the petition, on the grounds, among others, that "the plaintiff herein named is not the proper party plaintiff" and that "no map is made to accompany the complaint (petition) which correctly delineates the land sought to be condemned and its location." To the overruling of the demurrer the defendants excepted and an interlocutory bill of exceptions was allowed.

Under other grounds of the demurrer it is contended by the defendants that the provisions of Act 67 of the Laws of 1907 "for the exercise by counties of the power of eminent domain for certain public purposes" operate to deprive the superintendent of public works of any power he might otherwise have had to require the condemnation of land for use as public highways and that, even if Act 67 is not thus exclusive, land for road purposes may be condemned only under Chapter 52 of the Revised Laws and not under Chapter 40, under which these proceedings were brought. It is unnecessary to pass upon these contentions for even if land for the opening of highways may be condemned under Chapter 40 the present petition must be dismissed.

Chapter 40 is entitled and relates solely to "Eminent Domain." It opens, in its first section (R. L. 491, amended by Act 10, L. 1909), with the statement that "private property may be taken for the following purposes, which are declared to be public uses," enumerating, inter alia, "all necessary land over which to construct roads." Section 492 provides that "no property shall be taken by virtue of this chapter unless it shall appear that it is to be put to some public use and that the taking is necessary to such use," Section 493 that a fee simple estate may be acquired "for all the purposes mentioned in section 491" and Section 495 that any agent of the Territory may survey any land sought to be condemned under the chapter. By

Sections 496 and 497 the circuit courts are given jurisdiction of "all actions arising under this chapter" and it is prescribed that "where not otherwise expressly provided * * * the procedure shall be the same as in other civil actions." It is then provided, in Section 498, that "the superintendent of public works in his official capacity may institute proceedings on behalf of the Territory of Hawaii for the condemnation of property as provided for in this chapter." Although it is said in the section last mentioned that "the superintendent of public works may be referred to in this chapter as the plaintiff" and later in the chapter that upon the conclusion of certain proceedings "the property described shall vest in the plaintiff," it is clear, we think, that the Territory should be the party plaintiff in all such proceedings. All condemnations are for public uses and any action of the superintendent is purely "on behalf of the Territory" and its agent.

The petition under consideration is entitled "Marston Campbell, Superintendent of Public Works of the Territory of Hawaii, Plaintiff and Petitioner, vs. James Steiner" and others. The opening paragraph is, "Now comes Marston Campbell, Superintendent of Public Works of the Territory of Hawaii, acting on behalf of the Territory of Hawaii, named hereinabove as plaintiff and petitioner, and represents * * * as follows." The petition also contains the following statements: "that according to law the plaintiff herein, as said Superintendent of Public Works, acting on behalf of the Territory of Hawaii as aforesaid, * * * is invested with the power * * * to condemn and hold for any public use" real estate; "and in pursuance of * * * said power * * * said plaintiff * * * is desirous of * * * condemning and holding" certain pieces of land described; that pursuant to this power it is the "desire of plaintiff to acquire a fee simple estate" in the land described; "that the purpose for which plaintiff" is desirous of "condemning and holding the aforesaid pieces and parcels of land" is a public use; and "that the nec-

essity for the acquisition　*　*　*　and holding in and by a fee simple estate" of the land described "by plaintiff" arises in a stated manner. The prayer is that it be adjudged that the public use mentioned "requires the acquisition by condemnation to this plaintiff" of the land described. While it is alleged in the petition that the superintendent is acting in this matter in behalf of the Territory, the petition is that of Marston Campbell, superintendent of public works. The effect of the title and of the allegations is to make the superintendent and not the Territory the party plaintiff. The prayer is that the condemnation be to him and not to the Territory. It was definitely held in Cleghorn v. Macfarlane, 7 Haw, 314, 316, that "A. S. Cleghorn, the Collector General, in behalf of the Hawaiian Government, does not make the Hawaiian Government the plaintiff" and the demurrer was sustained and judgment entered that the plaintiff take nothing. That ruling is applicable to the case at bar. If the Territory is not now the plaintiff it cannot be made so by amendment. Our statute on amendments (R. L., Sec. 1738) is liberal in its provisions, permitting, among other things, an amendment of a petition by "adding or striking out the name of any party or by correcting a mistake in the name of a party" but it does not permit the substitution of a new party in the place of a sole party plaintiff or defendant. Kau Ting Kee v. Yim You, 14 Haw. 112. See also Lum Sung v. Luning, 13 Haw. 665, 667, and Cooper v. Hao, 12 Haw. 131. In the latter case, an action of ejectment, this court sustained the direction of a verdict for the defendant on the ground that the department of public instruction and not "Henry E. Cooper, Minister of Public Instruction," was the proper party plaintiff. If the amendment "only cures a mistake in the name of the party by or against whom the suit is prosecuted it may be made; but if it introduces a different party it is inadmissible." 1 Ency. Pl. & Pr. 535, 536. The present is not an instance of a mere error in the name of the party.

Campbell v. Steiner, 20 Haw. 365.

In *Meek* v. *Aswan,* 7 Haw. 750, the action was entitled "Eliza Meek, a minor, by G. S. Houghtailing, her guardian, v. Aswan." The trial court dismissed the case on the ground that "the action was improperly brought in the name of the minor by her guardian, whereas the complaint should read G. S. Houghtailing, guardian of Eliza Meek." On exceptions this court held that "the court below erred in holding that the complaint was improperly brought by Eliza Meek, a minor, by G. S. Houghtailing, her guardian," saying that "it was the suit of the minor and not that of the guardian" and that "the complaint in the lower court was correct." The exceptions were sustained and the case ordered reinstated for trial. The actual decision in that case sustains our view that the Territory and not the superintendent is the proper party plaintiff. The remark that "the objection to the complaint, even if tenable, should not have been visited with a dismissal, but an amendment should have been allowed," was obiter dictum and is inapplicable to the facts of the case under consideration.

On the other ground of demurrer nothing need be said beyond calling attention to the plain provision of the statute (R. L. Sec. 499) that "a map must accompany the complaint which shall correctly delineate the land sought to be condemned and its location." This requirement will undoubtedly be complied with in new proceedings, if any, under Chapter 40.

The demurrer should be sustained without leave to amend and without prejudice to the right of the Territory or other governmental authority to institute such proceedings as may be advised. The exceptions are sustained and the cause remanded for further proceedings not inconsistent with this opinion.

*E. W. Sutton,* Deputy Attorney General (*Alexander Lindsay, Jr.,* Attorney General, with him on the brief), for plaintiff.

*A. A. Wilder* (*Thompson, Clemons & Wilder* on the brief) for defendants.

Campbell v. Steiner, 20 Haw. 365.

DISSENTING OPINION OF HARTWELL, C.J.

I agree that the Territory, and not the superintendent, should be the plaintiff, but I think that the petition could be amended as was done in *Chappell* v. *U. S.,* 160 U. S. 499, and in conformity with the suggestion in *Meek* v. *Aswan,* 7 Haw. 750, 754, in which it was held that "the objection to the complaint (that an action by a guardian to recover rent for use of the minor's land should be brought in the name of the minor, by her guardian, and not in the name of the guardian), even if tenable, should not have been visited with a dismissal, but an amendment should have been allowed." In this view the other questions presented by the demurrer would require adjudication, namely, the jurisdiction of the Territory to condemn land for highways, the necessity of a prior appropriation for the purpose, the averment that preliminary steps, without specifying them, have been taken, and the failure to accompany the petition with a map, all of which exceptions, I think, should have been overruled except that relating to the map, which would permit, as I think, an amendment.