PETER LEE *v.* F. A. SCHAEFER & COMPANY, LIMITED.

## No. 1606.

EXCEPTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

SUBMITTED MAY 18, 1925.                    DECIDED JUNE 26, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

PRINCIPAL AND AGENT—*actions—parties.*

> An action upon a contract must be brought in the name of the party in whom the legal interest in the contract is vested and an agent cannot sue in his own name where the legal interest is vested in his principal.

OPINION OF THE COURT BY PETERS, C. J.

This is an action of assumpsit for the alleged purchase price of an interest in land. Defendant had judgment below and plaintiff prosecuted exceptions. The contract upon which the action is predicated is made out from correspondence between F. A. Schaefer & Company, Limited, an Hawaiian corporation, acting as agent of the Honokaa Sugar Company, and Delbert E. Metzger, Esq., an attorney at law, acting on behalf of Mrs. Brown-Allen as principal. The subject-matter of the contract is Mrs. Brown-Allen's undivided half interest

in the land described in L. C. A. 8276. Mrs. Brown-Allen is not the plaintiff in the action. Peter Lee, the attorney-in-fact of Mrs. Brown-Allen under a general power of attorney antedating the alleged contract of sale, brought the action in his own name. From the correspondence referred to it would appear that Mr. Lee employed Mr. Metzger. The absence of Mrs. Brown-Allen as party-plaintiff presents an insuperable obstacle to the consideration by this court of plaintiff's exceptions. An action on a contract must be brought in the name of the party in whom the legal interest in the contract is vested and an agent cannot sue in his own name where the legal interest is vested in his principal. (31 Cyc., title "Principal and Agent," 1618.) Were this a mere matter of amendment and were the change of party-plaintiff from Mr. Lee to Mrs. Brown-Allen permissible under our statute of amendments the situation might be different. While the statute permits amendments of pleadings by adding or striking out the name of any party it does not authorize the substitution of a new party for the sole party-plaintiff. (*Campbell* v. *Steiner,* 20 Haw. 365.) Mrs. Brown-Allen, one of the parties to the contract, is not before the court. Neither the judgment below nor any opinion which we might express upon the exceptions of the plaintiff would be binding upon her. The trial court was not authorized nor is this court authorized to proceed upon an interpretation of the contract where one of its parties is not before the court.

Under the circumstances the exceptions must be overruled and it is so ordered.

*D. E. Metzger* for plaintiff.

*Robertson & Castle* for defendant.